**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CRAIG HAMILTON GONSER,

         Petitioner,                Case No. 2:16-cv-11955
                                      HON. GERSHWIN A. DRAIN

v.

SHAWN BREWER,

         Respondent.

_____/

## OPINION AND ORDER DENYING
## PETITION FOR WRIT OF HABEAS CORPUS AND DENYING
## CERTIFICATE OF APPEALABILITY

Petitioner, Craig Hamilton Gonser, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is incarcerated at the Parnall Correctional Facility in Jackson, Michigan. Through counsel, he challenges his convictions for one count of attempted gross indecency, Mich. Comp. Laws §§ 750.92 and 750.338b, and one count of indecent exposure, Mich. Comp. Laws § 750.335a. Respondent, through the Attorney General's Office, has filed an answer in opposition to the petition. For the reasons set forth below, the Court denies the petition and denies a certificate of appealability.

## I.    BACKGROUND

Petitioner's convictions stem from a 2004 incident involving his young daughter. The Michigan Court of Appeals described the underlying facts, which are presumed to be correct on habeas review, *see* 28 U.S.C. § 2254(e)(1); *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009), as follows:

> Defendant's ex-wife testified that she came home from work early to discover defendant sitting at the computer with their twenty-month old daughter standing next to him and looking directly at him. She testified that the computer screen displayed a picture of a fully nude woman. Upon hearing her gasp, defendant stood up and turned around, allowing her to observe that he was naked from the waist down. Defendant said, "I'm playing with it, do you mind?" A bottle of personal lubricant was on the desk. She testified that defendant had previously used this brand of lubricant to masturbate.

*People v. Gonser*, No. 298252, 2012 WL 1697338, at *1 (Mich. Ct. App. May 15, 2012). Following a one-day trial, the jury acquitted Petitioner of gross indecency and convicted him on one count of attempted gross indecency and one count of indecent exposure. Prior to sentencing, Petitioner entered a plea of no contest to the sentence enhancement of being a sexually delinquent person, Mich. Comp. Laws § 750.10a. On April 15, 2010, the Court sentenced Petitioner to 365 days for the attempted gross indecency conviction and a term of 10 to 25 years for the indecent exposure conviction and sexually delinquent person plea.

Thereafter, Petitioner filed an appeal of right in the Michigan Court of Appeals, raising the following claims:

i. The trial court denied him a fair trial where it allowed impermissible hearsay;

ii. The conviction for gross indecency should be vacated because of insufficient evidence and because the statute is unconstitutionally vague as applied; and

iii. The trial court impermissibly deviated from the sentencing guidelines on the basis of inaccurate information.

The Michigan Court of Appeals affirmed the conviction. *Gonser*, 2012 WL 1697338. Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Gonser*, 493 Mich. 901 (2012). Petitioner then filed a motion for relief from judgment, raising the following claims:

i. Petitioner's plea was invalid because it was induced upon an illusory bargain;

ii. He was denied due process because of prosecutorial misconduct during the plea and sentencing proceedings;

iii. Trial counsel was ineffective; and

iv. Appellate counsel was ineffective.

The trial court denied the motion. (ECF No. 5-26.)

Petitioner next filed an application for leave to appeal in the Michigan Court of Appeals, which the Court denied for failure to establish entitlement to relief under Michigan Court Rule 6.508(D). (ECF No. 5-31.) The Michigan Supreme Court

likewise denied relief. *People v. Gonser*, 499 Mich. 854 (2016). Petitioner then filed the instant petition for habeas relief, raising the following claims:

i. Petitioner was denied due process because there was insufficient evidence to convict and an improper jury instruction;

ii. Petitioner was convicted under an unconstitutionally vague statute;

iii. The trial court applied improper standards of review and abused its discretion with unreasonable application of established law;

iv. Appellate counsel was constitutionally ineffective;

v. Petitioner's plea was invalid because it was induced upon an illusory bargain;

vi. Petitioner was denied due process because of prosecutorial misconduct during the plea and sentencing proceedings; and

vii. Trial counsel was constitutionally ineffective.

The Court will address each claim of error in turn.

## II.    STANDARD

The petitioner's claims are reviewed against the standards established by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"). The AEDPA provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

4

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (*quoting Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (*quoting Williams*, 529 U.S. at 413). However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's

decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011), *quoting Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). Put another way,

> Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal . . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Id.* at 786-87 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams,* 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007), *citing Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

## III.  ANALYSIS

### A.    Insufficient Evidence

"The Constitution prohibits the criminal conviction of any person except upon proof *sufficient to convince the trier of fact* of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 326 (1979) (emphasis in original). The question on a sufficiency of the evidence claim is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319. A federal court views this standard through the framework of 28 U.S.C. § 2254(d). *Martin v. Mitchell*, 280 F.3d 594, 617 (6th Cir. 2002).

Under the AEDPA, challenges to the sufficiency of the evidence "must survive two layers of deference to groups who might view facts differently" than a reviewing court on habeas review—the factfinder at trial and the state court on appellate review—as long as those determinations are reasonable. *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). "A reviewing court does not re-weigh the evidence or re-determine the credibility of the witnesses whose demeanor has been

observed by the trial court." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003) (citing *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983)). "A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U.S. 1, 2 (2011). Accordingly, the "mere existence of sufficient evidence to convict . . . defeats a petitioner's claim." *Matthews*, 319 F.3d at 788-89.

Here, Petitioner asserts that the evidence offered at trial was insufficient to support his conviction for attempted gross indecency for two reasons. First, he contends that the court omitted the jury instruction requiring that the minor involved in the sexual activity was present for a sexual purpose. As a result, he argues that he was convicted despite there being no evidence in the record that he involved his daughter to facilitate sexual arousal. Second, he argues that the main witness against him was not credible.

### 1. Jury Instruction

At issue is Petitioner's conviction for attempted gross indecency, which is defined under Michigan law as follows:

> Any male person who, in public or in private, commits or is a party to the commission of any act of gross indecency with a female person shall be guilty of a felony, punishable as provided in this section. Any female person who, in public or in private, commits or is a party to the commission of any act of gross indecency with a male person shall be guilty of a felony punishable as provided in this section. Any person who procures or attempts to procure the commission of any act of gross indecency by and between any male person and any female person shall

be guilty of a felony punishable as provided in this section. Any person convicted of a felony as provided in this section shall be punished by imprisonment in the state prison for not more than 5 years, or by a fine of not more than $2,500.00, or if such person was at the time of the said offense a sexually delinquent person, may be punishable by imprisonment in the state prison for an indeterminate term, the minimum of which shall be 1 day and the maximum of which shall be life.

Mich. Comp. Laws § 750.338b. On the day the jury trial was set to begin in this case, the trial court "indicated its intent to utilize a modified jury instruction that would require proof that defendant involved or attempted to involve his daughter in defendant's sexual activity for a sexual purpose." *People v. Gonser*, No. 289971 (Mich. Ct. App. July 21, 2009) (ECF No. 5-27.) Following an interlocutory appeal by the prosecutor, the Michigan Court of Appeals issued the following order:

The case law cited above demands that we consider the totality of the circumstances in each particular case when determining whether an act of gross indecency has been committed. In doing so, and in contemplating a proper jury instruction to accompany our conclusion, we hold that if the prosecution proves beyond a reasonable doubt that an adult man masturbated or continued to masturbate in the presence of a two-year-old female child, or a female child of approximately that age, such as defendant's daughter, *knowing that the child was present and knowing that she could observe the act of masturbation*, he has committed an act of gross indecency with a female in violation of MCL 750.338b.2 Under these circumstances, there is no need for the prosecutor to additionally prove that a defendant involved the child for the purpose of facilitating sexual arousal, as may occur with a pedophile. Simply stated, it is grossly indecent for a grown man to knowingly masturbate in front of a two-year-old girl, whether she is his child or another person's child, regardless of whether the child's presence was used to facilitate sexual arousal. Our instruction goes

> beyond CJI2d 20.31, adding a "knowledge" element under the charges brought in this case and given the circumstances. See *People v. Abramski*, 257 Mich. App. 71, 73; 665 NW2d 501 (2003) (a knowledge element of an offense may be necessary simply to prevent innocent acts from constituting crimes). The trial court is to instruct the jury in accordance with this ruling.

*Id.* at Slip. Op. 4 (emphasis in original). The trial court instructed the jury consistently with the ruling, and the jury convicted Petitioner of attempted gross indecency. The Michigan Court of Appeals affirmed his conviction, invoking the law of the case doctrine. *Gonser*, 2012 WL 1697338 at *4.

Petitioner asserts that the jury instruction dictated by the Michigan Court of Appeals removed an essential element of the charged offense, specifically that the minor was present for a sexual purpose. However, a federal court, especially when deciding whether to issue a writ of habeas corpus, has no authority to revisit the meaning assigned by a state court to words in a state statute. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *see also Estelle v. McGquire*, 502 U.S. 62, 67-68 (1991) (habeas relief does not lie for perceived errors of state law). Petitioner is therefore not entitled to habeas relief based upon a perceived violation of Michigan law.

Moreover, even if the claim was cognizable on habeas review, the state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. Petitioner asserts that the Court of Appeals' ruling so infected the trial that the resulting conviction violated due process. As support, he points to one footnote in the Michigan Court of Appeals' opinion, which

states that the ruling is case specific and allows for the possibility that additional proof of intent may be required in other circumstances, such as where the child is very young. *Gonser*, No. 289971, Slip. Op. at 4 n. 2. Specifically, the Court stated that in those circumstances, courts *may* require "additional proof that the act was committed in order to facilitate sexual arousal." *Id.* This brief statement does not imply that Plaintiff is being singled out and treated differently under the statute. The Court of Appeals clearly explained that knowingly masturbating in front of a two-year old child, with the knowledge that the child could observe the act of masturbation, is grossly indecent, and this determination of the elements is proper and consistent with the gross indecency statute and Michigan case law. *See People v. Bono*, 249 Mich. App. 115, 123-24 (2002) ("There is Michigan case law, however, holding that . . . masturbation in the presence of a minor . . . is a grossly indecent act.") (citing *People v. Lino*, 447 Mich. 567, 578). Petitioner is not entitled to habeas relief on this claim.

### 2. Witness Credibility

Petitioner next asserts that Tina Jewell's testimony that she observed him masturbating in front of their young daughter was not credible and should have been disregarded by the jury. Petitioner's arguments are misplaced. The "assessment of the credibility of witnesses is generally beyond the scope of [habeas] review." *Schlup v. Delo*, 513 U.S. 298, 330 (1995). Instead, "[i]t is the province of the

factfinder to weigh the probative value of the evidence and resolve any conflicts in testimony." *Matthews v. Abramajtys,* 319 F.3d 780, 788 (6th Cir.2003) (citing *Neal v. Morris,* 972 F.2d 675, 679 (6th Cir.1992)). "[A]ttacks on witness credibility are simply challenges to the *quality* of the government's evidence and not to the sufficiency of the evidence." *United States v. Adamo,* 742 F.2d 927, 935 (6th Cir.1984) (emphasis in original). Petitioner is not entitled to habeas relief on this claim, as it is not the province of this Court to weigh the credibility of witnesses and a reasonable factfinder could have found the testimony credible.

### B.    Unconstitutional Vagueness

"It is axiomatic that due process requires fair notice of prohibited conduct before a sanction can be imposed." *Williams v. Nix,* 1 F.3d 712, 716 (8th Cir.1993); *see also, Grayned v. City of Rockford,* 408 U.S. 104, 108 (1972). "[T]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Posters 'N' Things, Ltd. v. United States,* 511 U.S. 513, 519 (1994) (internal quotation omitted). A statute is unconstitutionally vague only if it "fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden." *United States v. Batchelder,* 442 U.S. 114, 123 (1979) (internal quotation omitted). However, to be valid "[t]he statute need

not define with mathematical precision the conduct forbidden" and to prevail, the complaining party must prove that "no standard of conduct is specified at all." *Columbia Nat. Res., Inc. v. Tatum,* 58 F.3d 1101, 1108 (6th Cir.1995) (internal quotations and citations omitted).

Petitioner again argues that the Michigan Court of Appeals removed the element of the offense of attempted gross indecency requiring that the perpetrator involve or attempt to involve a minor in sexual activity for a sexual purpose, thus making the statute unconstitutionally vague. The Michigan Court of Appeals adjudicated this claim on the merits, holding as follows:

> Defendant's arguments concerning the vagueness of the gross indecency statute involve hypothetical situations not before this Court. When a vagueness challenge does not implicate First Amendment rights, "the constitutionality of the statute in question must be examined in light of the particular facts at hand without concern for the hypothetical rights of others." *Vronko,* 228 Mich.App at 652; see also *Lino,* 447 Mich. at 575. "The proper inquiry is not whether the statute may be susceptible to impermissible interpretations, but whether the statute is vague as applied to the conduct allegedly proscribed in this case." *Vronko,* 228 Mich.App at 652.

> Additionally, the inclusion of a knowledge requirement assists in avoiding a vagueness problem. *Posters 'N' Things, LTD v. United States,* 511 U.S. 513, 526; 114 S Ct 1747; 128 L.Ed.2d 539 (1994). The previous *Gonser* panel interpreted the gross indecency statute, MCL 750.338b, so as to avoid criminalizing innocent conduct. The panel added "knowledge" as an element of the charge, requiring that an adult defendant know that a child is present and can observe the act of masturbation. *Gonser,* slip op at 4. This interpretation suffices to render the statute constitutional in its application to defendant. It provides the sort of "minimal guidelines" to law enforcement necessary to prevent a standardless sweep that allows the police, prosecutors, and juries to

pursue personal predilections. *Kolender v. Lawson,* 461 U.S. 352, 358; 103 S Ct 1855; 75 L.Ed.2d 903 (1983). We therefore decline to find the gross indecency statute, MCL 750.338b, unconstitutionally vague as applied to defendant in this case.

*Gonser*, 2012 WL 1697338 at *6. The Court of Appeals' holding is reasonable. First, it is correct that the prior panel of the Court merely clarified the knowledge element required for similar situations, involving a child aged two or older. It did not remove any elements from the statute, or create a situation that encourages arbitrary and discriminatory enforcement. A standard of conduct is therefore specified and Petitioner has not demonstrated his entitlement to relief on this issue.

Second, as Respondent points out, the facts of this case do not create a situation in which a rational adult would fail to understand that his actions were criminal. Defendant's ex-wife testified that she saw Petitioner "sitting at the computer with their twenty-month old daughter standing next to him and looking directly at him," while the computer screen "displayed a picture of a fully nude woman." *Gonser*, 2012 WL 1697338 at *1. Petitioner was naked from the waist down and stated that he was "playing with it." *Id.* An ordinary person would understand that such conduct is prohibited. Petitioner is not entitled to habeas relief on this claim.

## C.    Trial Court Standard of Review

Petitioner next asserts that the trial court erred by applying improper standards of review when handling his post-conviction motion. This claim is not cognizable

on habeas review. "[T]he Sixth Circuit has consistently held that errors in post-conviction proceedings are outside the scope of federal habeas review." *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007) (citing *Kirby v. Dutton*, 794 F.2d 245, 246-47 (6th Cir. 1986) and *Roe v. Baker*, 316 F.3d 557, 571 (6th Cir. 2002)). As such, Petitioner is not entitled to relief on this claim.

### D. Ineffective Assistance of Counsel

#### 1. Trial Counsel

To establish that he or she received ineffective assistance of counsel, a petitioner must show, first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner may show that counsel's performance was deficient by establishing that counsel's performance was "outside the wide range of professionally competent assistance." *Id.* at 689. This "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687.

To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A court's review of counsel's performance must be "highly deferential." *Id.* at 689. Habeas relief may

be granted only if the state-court decision unreasonably applied the standard for evaluating ineffective-assistance-of-counsel claims established by *Strickland*. *Knowles v. Mirzayance*, 556 U.S. 111, 122-23 (2009). "The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable – a substantially higher threshold." *Id.* at 123 (internal quotation omitted).

Petitioner argues that trial counsel was ineffective for three reasons: 1) because he did not prepare and research the sentencing effect of a plea deal; 2) by advising his client not to testify; and 3) as a cumulative effect of all other errors. Respondent argues that the claim is procedurally defaulted, or in the alternative, that the claim fails on the merits.

Habeas relief may be precluded on claims that a petitioner has not presented to the state courts in accordance with the state's procedural rules. *See Wainwright v. Sykes*, 433 U.S. 72 (1977); *Couch v. Jabe*, 951 F.2d 94 (6th Cir.1991). In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also White v. Mitchell*, 431 F.3d 517, 524 (6th Cir. 2006), cert. denied, 549 U.S. 1047 (2006).

Although the procedural default doctrine precludes habeas relief on a defaulted claim absent satisfaction of the cause-and-prejudice test, the doctrine is not jurisdictional. *See Trest v. Cain*, 522 U.S. 87, 89 (1997); *Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005). "[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). "Judicial economy might counsel giving the [substantive] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525. Given the circumstances of this case, the Court finds that the procedural issue is complex and the interests of judicial economy are best served by addressing the merits of Petitioner's claim.

### a.    Preparation for Plea

Petitioner first asserts that trial counsel failed to properly prepare and research the sentencing effect of his plea deal, and was unprepared for the March 5, 2010 plea proceedings. To support his position, he points to his unsigned affidavit, in which he avers that he was improperly informed about the plea by prosecutors, the court, and his counsel, and had he been provided the truth he would not have made the plea

deal. However, the transcript of the plea hearing indicates that Petitioner knew that he was agreeing to cap his sentence at ten years, and that is what occurred. He assured the Court that his plea was not based upon improper promises or threats. There is no evidence to suggest that trial counsel was ineffective in negotiating the plea.

Further, Petitioner argues that counsel was unprepared for the trial and plea hearing because he failed to provide psychological data. He does not specify what this data might be or how it would help his case. He has not met his burden to demonstrate prejudice under *Strickland*, and is not entitled to habeas relief on this issue.

### b.    Trial Testimony

Next, Petitioner argues that he wanted to testify at the jury trial, but counsel improperly advised him to stay silent. He filed an unsigned affidavit supporting this position, contending that he wanted to testify at trial to contest Ms. Jewell's testimony about the events, but was advised by counsel to refrain from doing so. According to Petitioner, counsel advised him to stay silent because there were no independent corroborating documents and the jury could take his testimony against him. He further avers that there actually were reports that would have substantiated his testimony.

Petitioner's claim is without merit. "[W]hen a tactical decision is made not to have the defendant testify, the defendant's assent is presumed." *Gonzalez v. Elo*, 233 F.3d 348 (6th Cir. 2000). Here, trial counsel gave a strategic reason for advising Petitioner to remain silent during trial—that the testimony would create a credibility contest between him and Ms. Jewell that could cause the jury to convict him. Thus, Petitioner's assent is presumed as is the effectiveness of his counsel, barring any indication by Petitioner at trial that he disagreed with counsel's decision. There is no indication that Petitioner insisted on testifying, communicated this insistence with the trial court, or attempted to fire his attorney as a result of this advice. (ECF No. 7-2 at 143-44.) Moreover, the trial court clearly explained Petitioner's right to testify on his own behalf:

> THE COURT: You understand, of course, or that you have an absolute right first of all to take the stand and testify on your own behalf in this Trial?
>
> THE DEFENDANT: Yes, I do.
>
> THE COURT: And you also have a right not to testify and not to have that fact, the fact that you do not testify, not to have that fact used against you in any way during this Trial. You understand that as well?
>
> THE DEFENDANT: I do.
>
> THE COURT: Have you discussed your rights, your Fifth Amendment Rights with your attorney, Mr. Simasko?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Is it your decision not to testify in this Trial?

THE DEFENDANT: That is correct.

(ECF No. 7-2 at 150.) The only evidence he even disagreed with his attorney is in his unsigned affidavit before this court. Further, while Petitioner argues that his attorney was ineffective because there were reports that substantiated his testimony, he also argues that the reports were improperly withheld by the prosecution in this case. He does not explain how his attorney is ineffective for failing to uncover reports that were improperly withheld. Petitioner has failed to demonstrate that trial counsel was ineffective on this matter.

Finally, Petitioner has failed to demonstrate that he suffered any prejudice as a result of not testifying on his own behalf. Ms. Jewell testified about a custody dispute in 2003 and admitted that she used the incident to gain custody of her daughter after she witnessed Petitioner's masturbation. (ECF No. 7-2 at 16, 41-42.) His attorney used essentially all of the information to which Petitioner would have testified to impeach Ms. Jewell's credibility. (*See, e.g.*, id. at 55-56, 59-61.) Petitioner has therefore failed to demonstrate that trial counsel was constitutionally ineffective on this basis.

### c.    Cumulative Errors

Finally, Petitioner argues that trial counsel was ineffective because of the cumulative effect of all other errors. This claim is not cognizable on federal habeas review. The Supreme Court "has not held that distinct constitutional claims can be

cumulated to grant habeas relief." *Lorraine v. Coyle*, 291 F.3d 416, 447 (6th Cir. 2002). Furthermore, the Sixth Circuit has ruled that such a cumulative error claim is not cognizable on habeas review. *See Moore v. Parker*, 426 F. 3d 250, 256 (6th Cir. 2005) (concluding that a cumulative effect claim is not cognizable post-AEDPA); *Sheppard v. Bagley*, 657 F.3d 338, 348 (6th Cir. 2011) (same); *Moreland v. Bradshaw*, 699 F.3d 908, 931 (6th Cir. 2012) (same). Petitioner thus fails to state a claim upon which relief may be granted as to this issue.

### 2. Appellate Counsel

The *Strickland* standard also applies to claims of ineffective assistance of appellate counsel. *See Whiting v. Burt,* 395 F.3d 602, 617 (6th Cir. 2005). It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes,* 463 U.S. 745, 751 (1983). The United States Supreme Court has explained:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the very goal of vigorous and effective advocacy . . . . Nothing in the Constitution or our interpretation of that document requires such a standard.

*Id*. at 754.

Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry,* 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate

advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray,* 477 U.S. 527, 536 (1986) (quoting *Barnes,* 463 U.S. at 751–52). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards,* 281 F.3d 568, 579 (6th Cir. 2002). Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," which is defined as an issue which was obvious from the trial record and would have resulted in a reversal on appeal. *See Meade v. Lavigne,* 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).

Petitioner asserts that appellate counsel was ineffective in two ways. First, he argues that counsel failed to raise a *Brady* claim on direct appeal. Second, he contends that appellate counsel failed to raise a claim of ineffective assistance of trial counsel on direct appeal. The Court will address each of his claims in turn.

### 1. *Brady* Claim

Petitioner raised his *Brady* claim for the first time in a motion for new trial. He argued that the violation occurred when the prosecution failed to turn over two reports summarizing the interview of Madison Gonser, Petitioner's daughter. Petitioner claims that the information in these reports would have demonstrated that his ex-wife had a motive to fabricate the incident leading to his conviction, and that her testimony of the events was exaggerated. The trial court concluded that the

reports should have been turned over to the defense team, but held that it was not necessary to order a new trial because the evidence was not favorable to the defense. Ms. Gonser did not have any recollection of the incident at issue and the reports would likely not have been admitted or would have been neutral at best because they did not discuss the incident leading to Petitioner's conviction. (ECF No. 5-18 at 8.) Petitioner next raised the issue in a motion for relief from judgment, which the trial court again denied, concluding that "the reports did not in any way contain exculpatory evidence that would have changed the outcome of the jury's verdict." (ECF No. 5-26 at 8.)

To demonstrate a *Brady* violation, (1) "[t]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching;" (2) "that evidence must have been suppressed by the State, either willfully or inadvertently;" and (3) "prejudice must have ensued." *Strickler v. Greene,* 527 U.S. 263, 281–82 (1999). A defendant does not have to show that "disclosure of the evidence would have ultimately led to an acquittal;" but must, instead "establish that in the absence of the evidence he [or she] did not receive a fair trial, 'understood as a trial resulting in a verdict worth of confidence.'" *Gumm v. Mitchell,* 775 F.3d 345, 363 (6th Cir. 2014) (quoting *Kyles v. Whitley,* 514 U.S. 419, 434 (1995)).

The trial court twice concluded that the evidence at issue was not exculpatory and would have, at best, been neutral to the defense. The state court decision is reasonable. Petitioner has not demonstrated that the *Brady* violation would have been a stronger issue than those actually presented on direct appeal because it is unlikely that a *Brady* violation occurred in the first place. He is therefore not entitled to habeas relief on this claim.

### 2. Ineffective Assistance of Trial Counsel

Petitioner next asserts that appellate counsel was ineffective for failing to raise a claim of ineffective assistance of trial counsel on direct appeal. However, as addressed in section III(D)(1) above, Petitioner's ineffective assistance of trial counsel claim is not a "dead bang winner," and therefore appellate counsel was not constitutionally ineffective for failing to raise it on direct appeal.

### E. Invalid Plea

After his trial, Petitioner entered a plea of no-contest to the enhancement provision of being a sexually delinquent person on each of his convictions. Per counsel, Petitioner chose to enter the plea because of "[p]otential civil liability." (ECF No. 5-20 at 4.) Based on the plea, the court capped his term of incarceration at ten years. Petitioner now argues that his plea was based upon an illusory bargain because the guidelines may have produced a lower sentence. He also takes issue with the testimony of Ken Wyniemko at sentencing and argues that Mr. Wyniemko's

testimony about being convicted of a prior crime that was likely committed by Petitioner was improperly used against him. Respondent argues that this claim is procedurally defaulted or, alternatively, fails on the merits. In the interests of judicial economy, this Court will consider the claim on the merits.

"A guilty or no-contest plea involves a waiver of many substantial rights." *Fautenberry v. Mitchell,* 515 F.3d 614, 636 (6th Cir.2008) (citing *Boykin v. Alabama,* 395 U.S. 238, 243 (1969)). Consequently, the plea must be a voluntary, knowing and intelligent act "done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States,* 397 U.S. 742, 748 (1970). "A guilty plea can be involuntary as a result of the ineffective assistance of counsel." *United States v. Gardner,* 417 F.3d 541, 545 (6th Cir. 2005). But "a 'plea of guilty entered by one fully aware of the direct consequences' of the plea is voluntary in a constitutional sense 'unless induced by threats . . ., misrepresentation . . . , or perhaps promises that are by their nature improper as having no proper relationship to the prosecutor's business.'" *Bousley v. United States,* 523 U.S. 614, 619 (1998) (quoting *Brady,* 397 U.S. at 755); *see also Ruelas v. Wolfenbarger,* 580 F.3d 403, 408 (6th Cir.2009) (explaining that the defendant must appreciate the consequences of his plea, waive his rights without coercion, and understand the rights that he is surrendering); cert. denied, —— U.S. ——, 130 S.Ct. 3322, 176

L.Ed.2d 1220 (2010). The voluntariness of a plea is determined by considering all the relevant circumstances surrounding the plea. *Brady,* 397 U.S. at 749.

A review of the plea colloquy demonstrates that Petitioner's plea was voluntary. Petitioner assured the Court that he had an adequate opportunity to discuss the plea with his attorney and was satisfied with the attorney's advice. The Court explained the sentence enhancements, including the added penalties of up to life in prison, and noted that in exchange for the plea it would cap his sentence at ten years. (ECF No. 5-20 at 451.) Petitioner agreed that the Court had adequately described the plea bargain and acknowledged the rights he was giving up in exchange for pleading guilty. At no point does he indicate that he believed Mr. Wyniemko's testimony would be excluded as part of the deal. Further, he indicated that no one had made promises other than those made on the record during the hearing and no one had threatened or forced him into the plea. Petitioner has made no showing that his plea bargain was involuntarily entered into.

Nor was the bargain illusory. A plea bargain is illusory where it offers no benefit to the defendant. *McAdoo v. Elo*, 365 F.3d 487, 498 (6th Cir. 2004). Here, the trial court could have imposed a longer minimum sentence, but complied with the ten years agreed to in the plea bargain. Petitioner is therefore not entitled to habeas relief on this claim.

### F.    Prosecutorial Misconduct

Finally, Petitioner argues that he was denied due process by prosecutorial misconduct during the plea and sentencing hearings because an individual testified at sentencing who had not been on prior witness lists. This individual had been convicted of a 1994 sexual assault that Petitioner likely committed based on DNA evidence. According to Petitioner, the Court would have imposed a shorter sentence if this individual had not testified. Respondent counters that the claim is procedurally defaulted or, in the alternative, fails on its merits. The interests of judicial economy favor addressing the merits of the claim.

 "Claims of prosecutorial misconduct are reviewed deferentially on habeas review." *Millender v. Adams,* 376 F.3d 520, 528 (6th Cir. 2004) (citing *Bowling v. Parker,* 344 F.3d 487, 512 (6th Cir. 2003)). A prosecutor's improper comments will be held to violate a criminal defendant's constitutional rights only if they "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright,* 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo,* 416 U.S. 637, 643, (1974)). Prosecutorial misconduct will thus form the basis for habeas relief only if the conduct was so egregious as to render the entire trial fundamentally unfair based on the totality of the circumstances. *Donnelly,* 416 U.S. at 643–45. The Court must focus on "'the fairness of the trial, not the culpability

of the prosecutor.'" *Pritchett v. Pitcher,* 117 F.3d 959, 964 (6th Cir.1997) (quoting

*Serra v. Michigan Dep't of Corr.,* 4 F.3d 1348, 1355 (6th Cir.1993)).

Finally, "[t]he Supreme Court has clearly indicated that the state courts have

substantial breathing room when considering prosecutorial misconduct claims

because 'constitutional line drawing [in prosecutorial misconduct cases] is

necessarily imprecise.'" *Slagle v. Bagley,* 457 F.3d 501, 516 (6th Cir. 2006) (quoting

*Donnelly,* 416 U.S. at 645). Thus, in order to obtain habeas relief on a prosecutorial

misconduct claim, a habeas petitioner must show that the state court's rejection of

his prosecutorial misconduct claim "was so lacking in justification that there was an

error well understood and comprehended in existing law beyond any possibility for

fairminded disagreement." *Parker v. Matthews,* 567 U.S. 37, 46 (2012) (quoting

*Harrington v. Richter,* 562 U.S. 86, 88 (2011)).

Here, the state court's consideration of this issue was reasonable:

> A trial court has broad discretion in allowing persons, including non-
> victims, to speak at sentencing. *People v. Albert,* 207 Mich. App 73,
> 74; 523 NW2d 825 (1994). A trial court does not abuse its discretion in
> permitting a non-victim to speak unless actual bias or prejudice on the
> part of the sentencing court results from those statements. *Id.* A review
> of the record reveals no such prejudice. The trial court based its
> departure on proof that defendant committed a brutal sexual assault in
> 1994, not the statements of the person wrongfully imprisoned for the
> crime.

*Gonser,* 2012 WL 1697338 at *8. There is no indication that the prosecutor engaged

in conduct so egregious as to render the entire trial fundamentally unfair. Michigan

law allows trial courts discretion in allowing people to speak at sentencing, and Petitioner has not demonstrated that he was prejudiced by the testimony rather than, as addressed by the Michigan Court of Appeals, the fact that he committed the crime in 1994. Petitioner is not entitled to habeas relief on this claim.

## IV.    CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the Court will deny a certificate of appealability.

For the reasons stated above, the petition for a writ of habeas corpus and a certificate of appealability are **DENIED** and the matter is **DISMISSED**.

SO ORDERED.


Dated:      June 11, 2019

                                        s/Gershwin A. Drain
                                        HON. GERSHWIN A. DRAIN
                                        United States District Court Judge




CERTIFICATE OF SERVICE
Copies of this Order were served upon attorneys of record on
June 11, 2019, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager